IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JORGE GALEANA-GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 318-001 |
| | ) | |
| VANCE LAUGHLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a state inmate at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing any respondent to file a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED** for lack of jurisdiction.

**I.   BACKGROUND**

Petitioner reports he is currently serving a sentence imposed by the Superior Court of Hall County, Georgia, on April 17, 2013. (Doc. no. 1.) Although Petitioner does not disclose his crimes of conviction or length of sentence, the Georgia Department of Corrections reports Petitioner is serving a sentence for trafficking in methamphetamine that

has a maximum possible release date of July 31, 2027.[1]  Petitioner challenges an immigration detainer lodged against him by the United States Department of Homeland Security ("DHS") on June 19, 2017, and alleges he was taken into immigration custody "June-August 2016." (Id. at 2, 5.)  Petitioner contends his Due Process rights under the Fourteenth Amendment have been violated because even though he was identified as an illegal alien on June 19, 2017, he has not yet been deported and continues to serve his state sentence on the drug trafficking charges.  (Id. at 6-7.)  He also claims his Sixth Amendment rights were violated because he was not given counsel during his deportation proceedings.  (Id. at 7.)  Petitioner requests "immediate deportation back to Mexico."  (Id. at 8.)

## II.   DISCUSSION

The Court does not have jurisdiction under § 2241 to hear Petitioner's challenge regarding his immigration detainer.  Despite his claim that he is in "immigration custody," Petitioner remains in the custody of the Georgia Department of Corrections.  (See id. at 1.) Because a writ of habeas corpus grants relief from unlawful custody, see 28 U.S.C. §2241(c), jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner.  See Orozco v. United States INS, 911 F.2d 539, 541 (11th Cir. 1990) (*per curiam*) ("[A]bsent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ [of habeas corpus]."), *superseded by statute on other grounds as explained*, Madu v. United States Attorney Gen., 470 F.3d 1362, 1366-68 (11th Cir. 2006).  Because Petitioner challenges the detainer lodged against him by DHS, the Court only has jurisdiction if Petitioner is in the custody of DHS.  He is not.

---

[1] Georgia Department of Corrections, available at http://www.dcor.state.ga.us/ (follow "Find an Offender" hyperlink; then "Search by ID or Case Number"; then "GDC ID Number 1001063600," last visited Mar. 6, 2018).

The mere lodging of a DHS detainer does not by itself cause a petitioner to come within DHS's custody for purposes of § 2241.  Orozco, 911 F.2d at 541; Louis v. Sec'y, Fla. Dep't of Corr., 524 F. App'x 583, 583-84 (11th Cir. 2013) (*per curiam*); Roberts v. INS, 372 F. App'x 921, 924 (11th Cir. 2010) (*per curiam*).  Petitioner is currently serving his state sentence for drug trafficking at WCF and thus is not being held pursuant to an immigration detainer and has not come within DHS's custody.  Because the relief requested in the instant petition cannot be granted by the state officials who have custody of Petitioner while he serves his state sentence, jurisdiction under § 2241 is lacking and the petition must be dismissed.  Orozco, 911 F.2d at 541; Roberts, 372 F. App'x at 924; Louis, 524 F. App'x at 583-84 (11th Cir. 2013).

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED** for lack of jurisdiction.

SO REPORTED and RECOMMENDED this 6th day of March, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA